**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4346**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANIEL CORTEZ-MEZA, a/k/a Daniel Herrera,

Defendant - Appellant.

**No. 10-4347**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALEJANDRO ZAVALA-LOPEZ, a/k/a Alejandro Zavala,

Defendant - Appellant.

**No. 10-4573**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARLOS ALEX HERNANDEZ-RODRIGUEZ, a/k/a Alex, a/k/a Sergio Mendoza Gallardo,

Defendant - Appellant.

_____

Appeals from the United States District Court for the District of South Carolina, at Columbia. Cameron McGowan Currie, District Judge. (3:09-cr-00390-CMC-7; 3:09-cr-00390-CMC-8; 3:09-cr-00390-CMC-2)

_____

Submitted: November 28, 2011    Decided: December 13, 2011

_____

Before WILKINSON, MOTZ, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Ola A. Johnson, Lexington, South Carolina; Debra Y. Chapman, DEBRA Y. CHAPMAN, PA, Columbia, South Carolina; Jonathan M. Milling, MILLING LAW FIRM, LLC, Columbia, South Carolina, for Appellants. Robert Claude Jendron, Jr., Mark C. Moore, Assistant United States Attorneys, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Cortez-Meza and Alejandro Zavala-Lopez pled guilty, pursuant to written plea agreements, to conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2006), and possession with the intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2006). Carlos Hernandez-Rodriguez pled guilty, pursuant to a written plea agreement, to conspiracy to distribute 50 grams or more of methamphetamine, 5 kilograms or more of cocaine, and 500 grams or more of a mixture containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (2006). Both Cortez-Meza and Zavala-Lopez were sentenced to the 120-month statutory minimum sentence for their crimes. Hernandez-Rodriguez was sentenced to 240 months' imprisonment, a downward variance from the Guidelines range.

Appellants' attorneys submitted a consolidated brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning the adequacy of Appellants' Fed. R. Crim. P. 11 hearings and whether Appellants' sentences are reasonable. Although each Appellant received notice of his right to file a

3

pro se supplemental brief, only Zavala-Lopez did so.[1]  Because we find no meritorious grounds for appeal, we affirm the district court's judgments.

Appellants first question whether the district court adequately advised them during their Rule 11 hearings.  Prior to accepting a guilty plea, a district court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant comprehends, the nature of the charge to which he is pleading guilty, any mandatory minimum penalty, the maximum possible penalty he faces, and the rights he is relinquishing by pleading guilty.  Fed. R. Crim. P. 11(b); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991).  Additionally, the district court "must determine that there is a factual basis for the plea."  Fed. R. Crim. P. 11(b)(3).  Finally, the district court must ensure that the defendant's plea was voluntary and did not result from force, threats, or promises not contained in the plea agreement.  Fed. R. Crim. P. 11(b)(2).  "In reviewing the adequacy of compliance with Rule 11, this Court should accord deference to the trial court's

---

[1]  With regard to Zavala-Lopez's claim of ineffective assistance of counsel, we decline to address this claim because it is not cognizable on direct appeal where, as here, there is no conclusive evidence supporting his claim apparent on the face of the record.  United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).

decision as to how best to conduct the mandated colloquy with the defendant." DeFusco, 949 F.2d at 116.

Because Appellants did not move in the district court to withdraw their guilty pleas, any error in the Rule 11 hearings is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To establish plain error, Appellants "must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). However, "[t]he decision to correct the error lies within our discretion, and we exercise that discretion only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 343 (internal quotation marks omitted).

We have thoroughly reviewed the records in this case and conclude that the district court fully complied with Rule 11 in accepting guilty pleas from Cortez-Meza and Zavala-Lopez. Although the district court made one minor omission in Hernandez-Rodriguez's plea hearing by failing to inform him of the penalties for perjury if he lied under oath, that omission did not affect Hernandez-Rodriguez's substantial rights. See id. at 344 ("[T]he mere existence of an error cannot satisfy the requirement that [defendant] show that his substantial rights were affected."). Moreover, each Appellant's plea was knowing

5

and voluntary, and each plea was adequately supported by a factual basis. See DeFusco, 949 F.2d at 116, 119-20.

Appellants also question the reasonableness of their sentences. This court reviews a sentence for reasonableness applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In determining the procedural reasonableness of a sentence, we consider whether the district court properly calculated the Guidelines range, treated the Guidelines as advisory, considered the § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. Finally, we review the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

Because Appellants did not request a sentence different than the sentences ultimately imposed, the sentences are reviewed for plain error. United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010); see Massenburg, 564 F.3d at 342-43 (discussing plain error standard). Here, the district court followed the necessary procedural steps in sentencing Appellants, properly calculating the Guidelines range, considering the § 3553(a) factors, and sentencing each Appellant to the very sentence he requested: in the cases of Cortez-Meza and Zavala-Lopez, to the mandatory minimum sentences, and in the

6

case of Hernandez-Rodriguez, a downward variant sentence well below his advisory Guidelines range.[2] Hence, we conclude that the sentences imposed by the district court were reasonable.

In accordance with <u>Anders</u>, we have reviewed the record in these cases and have found no meritorious issues for appeal. We therefore affirm the district court's judgments. This court requires that counsel inform Appellants in writing of the right to petition the Supreme Court of the United States for further review. If Appellants request that such petitions be filed, but counsel believes that the petitions would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the respective Appellant.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[2] In his pro se brief, Zavala-Lopez contends the district court failed to make a proper drug quantity finding and failed to adequately explain the basis for the sentence it imposed. We have carefully considered Zavala-Lopez's arguments and conclude they are without merit.